IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LEE MASTER COLEMAN, JR.**                                               **PLAINTIFF**

**V.**                               **CASE NO. 4:20-CV-760-BD**

**COMMISSIONER,**
**Social Security Administration**                                        **DEFENDANT**

**ORDER**

**I. Introduction:**

On May 13, 2017, Lee Master Coleman Jr. applied for disability income benefits, alleging disability beginning December 31, 2014. (Tr. at 10) His claims were denied both initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge (ALJ) denied Mr. Coleman's application. (Tr. at 19) Mr. Coleman asked the Appeals Council to review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision stands as the final decision of the Commissioner. Mr. Coleman filed this case seeking judicial review of the decision denying him benefits.[1]

**II. The Commissioner's Decision:**

The ALJ found that Mr. Coleman had not engaged in substantial gainful activity since the alleged onset date of December 31, 2014. (Tr. at 13) The ALJ further found that Mr. Coleman had the following severe impairments: osteoarthritis of the hips, right wrist tendonitis, and degenerative changes of the knees. *Id*. After finding that Mr. Coleman's impairments did not meet or equal a listed impairment (Tr. at 14), the ALJ determined

---

[1] The parties consented to proceed before a magistrate judge. (Doc. No. 6)

that Mr. Coleman had the residual functional capacity (RFC) to perform work at the sedentary exertional level, but he could only occasionally stoop, crouch, bend, crawl, kneel, and climb stairs. *Id*. He could frequently handle and finger. *Id*. He could understand, remember, and carry out complex instructions and respond to changes in the workplace. *Id*.

After questioning the Vocational Expert (VE), the ALJ determined that Mr. Coleman could return to past relevant work as a computer graphic designer. (Tr. at 18). Therefore, the ALJ determined that Mr. Coleman was not disabled. *Id*.

### III.   Discussion:

   A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

   B.   Mr. Coleman's Arguments on Appeal

Mr. Coleman maintains that the Commissioner's adverse decision is not supported by substantial evidence. He argues that the ALJ did not properly evaluate the opinion of

2

his treating physician; that the RFC outstripped his abilities; and that the ALJ failed to properly characterize his past relevant work.

Mr. Coleman suffered from hip and knee problems, and objective imaging tests revealed mild-to-moderate conditions. (Tr. at 444-447, 770-772, 794-798, 880-881) He was treated with injections, medication, and physical therapy. Also, he used a cane, a waist belt, and a lumbar support device. (Tr. at 42-51, 780-790) Mr. Coleman could perform many activities of daily living, including working as an Uber driver, but his treating doctor opined he could not perform even sedentary work. (Tr. at 37, 67, 757-760)

Mr. Coleman contends that his past relevant work at Bedford Camera and Video was actually a composite job, meaning it had components from at least two DOT job definitions. The ALJ did not recognize or even mention in his decision that the past work could be composite work. (Tr. at 18-19) Even the agency's own vocational specialists found the past work to be composite: on September 9, 2017 and January 3, 2018, each specialist wrote that "the reason no DOT code was not provided for the past relevant work of digital imaging specialist is that the job is a composite of specific elements from two or more occupations and does not have a DOT counterpart." (Tr. at 93-106, 118-130). The specialists listed Mr. Coleman's past work as both a photo restoration specialist and a graphic designer, and the specialist documented that the work required vacuuming, restocking, and lifting of up to 20 pounds, requirements that are consistent with light work. *Id*.

When a job is found to be composite, as the vocational specialists found in this case, the ALJ must use a particular composite job rubric in the decision rather than relying solely on the DOT or VE testimony. The ALJ must analyze the particular facts of the case to determine whether the claimant can fulfill the duties of the prior work as actually performed. *Sloan v. Saul*, 933 F3d. 946, 950 (8th Cir. 2019); Program Operations Manual System (POMS) DI 25005.020; see also SSR 82-61, 1982 SSR LEXIS 31, at *3. Failure to do so "constitutes an error of law and grounds for remand." *Blackwell v. Colvin*, 2015 U.S. Dist. LEXIS 88386, NO. 4:14-00252 at *17 (W.D. Mo. July 8, 2015)(reversible error when an ALJ failed to recognize that past relevant work was composite and made up of jobs at two different exertional levels); *McAbee v. Colvin*, 2016 U.S. Dist. LEXIS 96533, NO. 15-CV-05097 at *3 (W.D. Ark. July 25, 2016)(ALJ did not even mention the work "composite" in his past relevant work discussion); *Peterson v Astrue*, NO. 09-CV-209 at *5 (N.D. Ind. Aug. 12, 2019)(an ALJ commits error when he finds a claimant capable of performing only the least demanding of two composite jobs).

Here, the ALJ did not question the VE about whether Mr. Coleman's past relevant work was composite and did not mention the imaging specialist job in his decision. He merely determined that Mr. Coleman's past relevant work was as a computer graphic designer, which is not the same as the imaging specialist identified by the vocational specialists and by Mr. Coleman himself in his job history paperwork. (Tr. at 34, 347).

The failure to consider or reference, in the past relevant work section of the opinion, the imaging specialist job (or job duties that can make up a composite profile) is not harmless because at least some of the duties of that job are performed at the light exertional level. As noted, the RFC in this case was for sedentary work. This presents an unresolved conflict because a claimant limited to sedentary work could not return to work with light work requirements.

The ALJ erred by failing to identify the past relevant work as composite, as determined by the agency's own vocational specialists, by failing to follow the standard composite work rubric in his decision, and failing to reconcile the RFC conflict between light and sedentary work at past jobs or, in the alternative, to obtain a sufficient explanation from the VE.

### IV. **Conclusion**:

The ALJ's decision is not supported by substantial evidence in the record as a whole. The ALJ did not properly characterize Mr. Coleman's past relevant work. The decision is, hereby, reversed; and the case remanded with instructions for further review.

IT IS SO ORDERED this 16th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE